# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERED, LLC | : | |
| | : | |
| **Plaintiff** | : | |
| v. | : | 3:12-CV-6 |
| | : | (JUDGE MARIANI) |
| WILLIAM LEWIS, t/d/b/a | : | |
| WILLIAM LEWIS GLAZING | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Defendant's Motion to Dismiss Count III – Replevin (Doc. 20). For the reasons set forth below, the Court will grant Defendant's motion and direct Plaintiff to show cause why Count II – Unjust Enrichment should not be dismissed.

### II. Factual Allegations and Procedural History

According to the Complaint, Plaintiff has "been in the process of remodeling [property] including the installation of new windows." (Compl., Doc. 1, ¶ 11). To that end, Plaintiff contracted with Defendant on April 8, 2011 "for the purchase and installation of numerous windows and doors." (*Id.* at 12; *see also* Contract, Doc. 1, Ex. A). The total Contract price was $120,000, but an agent of Plaintiff remitted $80,000 by wire transfer soon after the Contract's execution. (Compl. at ¶¶ 13-14; *see also* Doc. 1, Ex. B). As of the date of filing of the Complaint on January 3, 2012, Defendant allegedly had failed to deliver

or install the windows or doors, despite numerous attempts by Plaintiff to discuss Defendants' failure to meet his contractual obligations. (Compl. ¶¶ 17-19).

### III. Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[W]hen presented with a motion to dismiss for failure to state a claim, . . . [the] Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949). The "Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211.

District courts confronted by a motion to dismiss should engage in a two-step analysis. First, the district court should accept all well-pleaded facts as true, but may reject mere legal conclusions. Second, the district court should then determine whether the facts as asserted, establish a "plausible claim for relief." *Iqbal,* 129 S. Ct. at 1950. Thus, a complaint must "show" an entitlement for relief with facts, as a mere allegation that a plaintiff is entitled to relief is insufficient to withstand a motion to dismiss. *See Phillips v. Co. of*

2

*Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008). As the Supreme Court noted in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. At 1949. This "plausibility" determination will be a "context- specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.; see also Fowler*, 578 F.3d at 210-11.

## IV. Analysis

### Replevin (Count III)

Defendant moves to dismiss the count of replevin from Plaintiff's Complaint. "The action of replevin is founded upon the wrongful taking and detention of property and seeks to recover property in the possession of another. The value is recovered in lieu of the property only in case a delivery of the specific property cannot be obtained." *Commonwealth of Pennsylvania v. Fid. & Deposit Co. of Maryland*, 811 A.2d 1040 (Pa. Super. Ct. 2002) (internal citation omitted). In this case, the personal property that Plaintiff seeks to recover is money itself.

In rare instances, replevin can be the proper avenue for relief to recover money. "Money may only be the property in a replevin action if it is easily susceptible to ready and positive identification." *Commonwealth of Pennsylvania v. Dean*, 369 A.2d 423, 425 (Pa. Super. Ct. 1976) (citing *Corn Exch. Nat'l Bank v. Solicitors" Loan & Trust Co.*, 41 A. 536 (Pa. 1898) (bundle of two ($2.00) dollar bills)).

3

As here, in *Dean*, "the appellant [Dean] seeks the return of money." *Id*. Dean had been arrested for conspiring to pass worthless checks and receiving cash as change after purchasing merchandise with the checks. When he was arrested, the police found eighty dollars in change that Dean's accomplice had received from the merchant-victim, denominated in one fifty dollar bill, one twenty dollar bill, and one ten dollar bill. The police confiscated the eighty dollars and returned the money to the merchant. However, at trial, Dean was found not guilty of the charges, and in a subsequent civil action, he sought from the Commonwealth the return of the eighty dollars that the police had taken from him.

However, the Court determined that "no replevin action could be successfully maintained" because there was no "possibility of positive identification of the currency in question." *Id*. The same is true here. This is not an instance in which the $80,000 is "easily susceptible to ready and positive identification." Consequently, the replevin count cannot be maintained, and the Court will dismiss Count III accordingly.

### Unjust enrichment (Count II)

In Count I, Plaintiff pleads a breach of contract claim, and in Count II, it pleads an unjust enrichment claim. Though a party cannot *recover* under both breach of contract and unjust enrichment theories, it may *plead* both as alternative avenues for relief. *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 969-70 (Pa Super. Ct. 2009). *Lugo* goes on to say, however, that "theories of breach of contract and unjust enrichment must be pleaded

4

alternatively in order to allow recovery under the latter theory *where an express contract cannot be proven.*" *Id.* at 970 (emphasis added).

Here, Plaintiff attached a copy of the Contract to its Complaint. (Compl., Ex. A). Likewise, Defendant attached an identical copy of the Contract to his motion to dismiss. (Doc. 20, Ex. A). Defendant does not dispute that an express contract exists between the parties, but rather, argues that the "Contract requires the Plaintiff to remit a non-refundable payment of $80,000.00 at 'order signature' due to the special sizes of the windows to be custom ordered." (Br. in Supp., Doc. 21, at 1).

Because an express contract can be proven and has been provided to the Court, Plaintiff is directed to show cause why Count II should not be dismissed for failure to state a claim upon which relief can be granted. *See Oatess v. Sobolevitch*, 914 F.2d 428, 430 n.5 (3d Cir. 1990) (authorizing *sua sponte* dismissal under FED. R. CIV. P. 12(b)(6) after affording the non-moving party an opportunity to respond).

## V. Conclusion

For the foregoing reasons, the Court will grant Defendant's motion to dismiss Count III of the Complaint and dismiss the claim for replevin. In accordance with the attached Order, Plaintiff also is directed to show cause why Count II should not be dismissed. A separate Order follows.

Robert D. Mariani
United States District Judge